This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports.  Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions.  Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

No. A-1-CA-41114

**ASHLEY RENEE STARR**
**a/k/a ASHLEY RENEE BARRY,**

Petitioner-Appellee,

v.

**ROCKY BRIAN STARR,**

Respondent-Appellant.

**APPEAL FROM THE DISTRICT COURT OF SAN JUAN COUNTY**
**Curtis R. Gurley, District Court Judge**

Law Office of Mark A. Curnutt, LLC
Mark A. Curnutt
Farmington, NM

for Petitioner

Ramon Hernandez Law, LLC
Ramon Hernandez
Las Cruces, NM

for Respondent

## MEMORANDUM OPINION

**DUFFY, Judge.**

**{1}**     Respondent Rocky Brian Starr appeals the district court's final decree. In our notice of proposed summary disposition, we proposed to affirm. Respondent has filed a memorandum in opposition, which we have duly considered. As we are not persuaded by Respondent's arguments, we affirm.

**{2}**     In our notice of proposed summary disposition, we proposed to hold that sufficient evidence was presented to support the district court's determination that a 2013 Ford F150 truck and a 2016 Ford Flex SUV were community property and that Respondent owed a separate debt on the SUV.

**{3}**     In his memorandum in opposition, Respondent continues to generally argue, based upon the same facts stated in the docketing statement and referenced in our calendar notice, that the evidence was insufficient to support these findings. The memorandum does not, however, attempt to provide any new facts or authorities that might persuade us that our proposed summary disposition was in error. Nor does Respondent's memorandum in opposition point out any factual or legal error in our notice of proposed disposition. "Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law." *Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683. When responding to a calendar notice, it is the party's responsibility to "specifically point out errors of law and fact" contained in the notice, and merely repeating earlier arguments does not fulfill that requirement. *State v. Mondragon*, 1988-NMCA-027, ¶ 10, 107 N.M. 421, 759 P.2d 1003, *superseded by statute on other grounds as stated in State v. Harris*, 2013-NMCA-031, ¶ 3, 297 P.3d 374. Respondent has not met that burden in this appeal.

**{4}**     Thus, for the reasons stated here and in our notice of proposed summary disposition, we affirm the district court's final decree.

**{5}     IT IS SO ORDERED.**

**MEGAN P. DUFFY, Judge**

**WE CONCUR:**

**JENNIFER L. ATTREP, Chief Judge**

**JACQUELINE R. MEDINA, Judge**